MARY F. I. MORSE *vs.* JOHN E. CHURCH *et als.*, Trustees.

A testator gave his whole estate to trustees, —
  1. To pay an annuity to his son during life.
  2. To pay the rest of the income to the son's wife and children, so far as needed for their
     support.
  3. To distribute the capital after the son's death to the widow and children of the son in
     equal shares.
  4. And, if no wife nor child, to hold for the benefit of a church.
The son died leaving a widow, but no children.
*Held*, that the widow was entitled to a conveyance of the whole estate in the hands of the
  trustee.

BILL IN EQUITY to terminate a trust.

*June 26*, 1886. MATTESON, J. The question in this case arises
under the will of Daniel N. Morse, Sen., who died December 14,
1869, by which he gave his property of every kind to three trus-
tees, in trust, to apply the income to the use of his widow during
her life, and on her death, after paying certain legacies, to dispose
of the property as follows, to wit : —

" Fourth. Upon the death of my wife, to pay out of the rents,
profits, and income of my estate, to my son, Daniel N. Morse, the
annual sum of four hundred dollars, in equal quarterly payments
of one hundred dollars each during his natural life.

" Fifth. To pay to the wife and children, if any there be, of my son, so much of the remaining income of my estate as they may deem necessary and proper for their comfortable maintenance and support during the life of my said son, and the balance of said income, if any there be, to invest as part of my estate.

" Sixth. Upon the death of my said son to convey said estate in equal shares to the wife and children of my said son and their descendants, if any there be, the descendant of any child to take what the parent, if alive, would have been entitled to.

" Seventh. Upon the death of my son leaving no wife or child, they shall hold the property and estate for the use and benefit of the African Methodist Episcopal Church, now worshipping on Meeting Street, in the city of Providence, and to pay to them the annual income and rent thereof, so long as said church shall have at least ten members."

Daniel N. Morse, Jun., the son, has died leaving a widow, who is the complainant, but no child, none having ever been born to him. The complainant claims the entire estate. The question is whether she is entitled to it.

We think it is clear that the African Methodist Episcopal Church is not entitled to anything under the will, because it is not to have anything except upon the death of the son leaving no wife or child. The contingency upon which it was to take has not occurred.

Therefore the only question is as to the meaning of the sixth clause. If Daniel N. Morse, Jun., had died leaving a wife and child, there can be no doubt that the wife and child would have taken the estate in equal moieties; but he died never having had a child. We do not think it would be reasonable to hold that the widow should take nothing under the will because he died never having had a child. Neither do we see how, if she is to take under the will, she can take less than the entire residue of the estate, there being and never having been any child. We so decide.

*Decree accordingly.*

*Edwin D. McGuinness,* for complainant,

*Edward D. Bassett & Frederic Hayes,* for respondents.